IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Phillip Freeman, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Leann Bertsch, Director, North Dakota | ) | |
| Department of Corrections and | ) | Case No. 1:06-cv-093 |
| Rehabilitation, | ) | |
| | ) | |
| Respondent. | ) | |

On November 28, 2006, the petitioner, Phillip Freeman ("Freeman"), filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. The respondent has filed a motion to dismiss the petition and the matter is now ripe for consideration.

I. **BACKGROUND**

Freeman was charged in state court in the summer of 2004 with the following offenses: unlawful entry of a motor vehicle (Counts One and Two), criminal trespass (Count Three), and theft of property (Counts Four and Five). Upon advice of counsel, he entered guilty pleas on October 18, 2004, to Counts Three, Four, and Five. He received suspended sentences of one year imprisonment on Count Three and thirty days imprisonment on Counts Four and Five.

On November 14, 2004, authorities filed a petition for revocation of Freeman's probation on Counts Three through Five. Freeman was subsequently apprehended and tried before a jury on Counts One and Two. The jury returned guilty verdicts on both counts.

On February 4, 2005, the state court conducted a combined revocation and sentencing hearing, after which it sentenced Freeman to three years imprisonment on Counts One and Two,

one year imprisonment on Count Three, and thirty days imprisonment on Counts Four and Five.

On March 15, 2005, Freeman filed a notice of appeal of his conviction and sentence on Counts Three through Five with the North Dakota Supreme Court.  In addition, on April 15, 2005, he filed an application for post-conviction relief with the state district court alleging trial counsel was ineffective for (1) failing to communicate the prosecutions "plea offer" prior to trial, and (2) failing to challenge footprint evidence presented at trial.  The state district court denied the application for post-conviction relief on June 15, 2005, prompting Freeman to file an appeal of its decision with the North Dakota Supreme Court on September 12, 2005.

The North Dakota Supreme Court consolidated Freeman's direct appeal with his appeal from the state district court's denial of his application for post-conviction relief.  It denied both appeals in its opinion dated January 31, 2006. State v. Freeman, 711 N.W.2d 606 (N.D. 2006).

On October 19, 2006, Freeman was paroled and released to a transitional living center in Bismarck.  He has since moved out of the transitional center.  His parole is set to expire on July 5, 2007.

On November 29, 2006, Freeman filed with this court a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.  Freeman's petition sets forth the following two grounds for relief:

  (1)  denial of effective assistance of counsel by counsel's failure to convey plea offer prior to trial; and

  (2)  trial court should have conducted an evidentiary hearing on additional claims of ineffective assistance of counsel raised in post-conviction relief application.

The Court, without passing on the merits, ordered the State to file a response. The State filed an answer to the petition on January 8, 2007, and a motion to dismiss the petition on January 30, 2007. Freeman filed a motion for appointment of counsel and a motion for an evidentiary hearing on January 26, 2007. The motion for appointment of counsel was denied on February 2, 2007. On February 20, 2007, Freeman moved the Court for additional time to respond to the motion to dismiss his petition. The Court granted the motion and made his response due by March 16, 2007. To date, Freeman has not filed a response to the motion to dismiss the petition.

## II. DISCUSSION

### A. Scope of Review

Under 28 U.S.C. § 2254, a federal court may review state-court criminal proceedings to determine whether a person is being held in violation of the United States Constitution or other federal law. This review is limited because, as a matter of federalism and comity, primary responsibility for ensuring compliance with federal law in state-court criminal proceedings rests with the state courts. Consequently, federal-court intervention is limited under § 2254(d) to the instances in which a person is being held in custody pursuant to a state-court decision that (1) is directly contrary to established federal law as enunciated by the United States Supreme Court, (2) is an objectively unreasonable application of Supreme Court precedent, or (3) is based on an unreasonable determination of the facts based on the evidence presented in the state-court proceeding. See generally Woodford v. Visciotti, 537 U.S. 19, 26-27 (2002)(per curiam); Williams v. Taylor, 529 U.S. 362, 399-413 (2000); Williams v. Taylor, 529 U.S. 420, 436-437

(2000).[1]

Also, in keeping with the policy of state courts having primary responsibility for enforcement of federal rights in state-court proceedings, § 2254 contains a number of additional rules and procedures for ensuring that state-court convictions are given the maximum effect as allowed by law and to limit federal-court "retrials" of state-court criminal proceedings under the guise of federal habeas corpus. See Bell v. Cone, 535 U.S. 685, 693 (2003). For example, under § 2254(b), a federal court may only consider claims that have been first presented to the state court for consideration.[2] Further, it is not enough just to first present the federal claims to the state court. The federal claims must also be exhausted in state court using available state-law procedures before there can be federal-court consideration of the claims. And, in most cases, claims that have been procedurally defaulted at the state level are not reviewable in federal court.[3]

---

[1] The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning and has described the differences as follows:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.*, at 405-406, 120 S.Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.*, at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. Id., at 409- 410, 120 S.Ct. 1495. See also *id.*, at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

Bell v. Cone, 535 U.S. at 694; see also Early v. Packer, 537 U.S. 3, 7-11 (2002) (per curiam) (distinguishing between the application of the "contrary to" and "unreasonable application" clauses).

[2] Proper presentation requires that the petitioner refer to the particular federal constitutional right or cite to a state or federal case that raises the pertinent constitutional issue. Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005).

[3] The Eighth Circuit has set forth the governing rule and the relevant exceptions as follows:

A federal district court is precluded from substantively considering a habeas corpus claim that a state

Petitioners are also required in most cases to develop the factual bases for their federal claims in the state-court proceedings.  Federal evidentiary hearings will not be available to develop the necessary facts unless petitioners can show that the claims rely upon a new, retroactive law or that petitioners could not have previously discovered the facts required to support their claims by the exercise of due diligence.  28 U.S.C. § 2254(e)(2).  Finally, state-court factual findings carry a presumption of correctness that can only be rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**B.  Analysis**

Local Rule 7.1(C) provides that a failure to file a brief in opposition to a motion may be deemed an admission that the motion is well taken.  Despite having been granted an extension of time, Freeman has failed to file a response to the State's motion to dismiss.  It should be noted that when Freeman was released from the transitional center he failed to notify the Court of his new address and the Court was unable to serve a copy of the order granting the extension of time upon him.  The Court learned of Freeman's new mailing address from counsel for the State on April 2, 2007.  The undersigned can only conclude from the inaction of Freeman that he has either come to the realization that his petition lacks merit or that he no longer wishes to pursue

---

court has disposed of on independent and adequate non-federal grounds, including state procedural grounds. *Reagan v. Norris,* 279 F.3d 651, 656 (8th Cir.2002). A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court, unless the prisoner can show cause and prejudice for the default, or actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards. *Murray v. Carrier,* 477 U.S. 478, 493-96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Clemons v. Luebbers 381 F.3d 744, 750 (8th Cir. 2004).  The only other instance in which a federal court can consider a procedurally defaulted claim is when a federal court elects to deny the claim on the merits under § 2254(b)(3) notwithstanding the procedural default.

the matter as he is no longer subject to any confinement and his parole will terminate in approximately three months. In either case, the undersigned will recommend that the State's motion be granted and the petition be dismissed.

## III.	CONCLUSION

Based on the foregoing, it is **HEREBY RECOMMENDED** that the State's motion to dismiss be **GRANTED** and Freeman's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 3rd day of April, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge